UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHIRLY J. LABLANCHE (Mother of Decedent) In the Estate of KENT R. LABLANCHE, Deceased,<br><br>Plaintiff,<br><br>VS.<br><br>DR. ZULFIQAR AHMAD, M.D.,<br><br>Defendant. | §§§§§§§§§§§§ Civ. Action No. 4:11-cv-4504 |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Amended Motion to Dismiss Under Rules 12(b)(2), 12(b)(6), 9(b), and 12(b)(1) and Brief in Support ("Motion"). (Doc. No. 14.) After considering the Motion, Plaintiff's Response (Doc. No. 16), and the applicable law, the Court concludes that the Motion must be **GRANTED.**

**I. BACKGROUD**

Proceeding *pro se*, Shirley J. LaBlanche ("LaBlanche" or "Plaintiff") filed this lawsuit in federal court in December 2011, bringing claims against Dr. Zulfiqar Ahmad ("Ahmad" or "Defendant"). (Doc. No. 1.) Defendant filed a Motion to Dismiss (Doc. No. 8), which the Court denied without prejudice to refiling, while simultaneously granting Plaintiff leave to amend her Complaint to cure the defects observed by Defendant. Plaintiff filed an Amended Claim for Diversity: Fraud, Medical Fraud, and Medical Malpractice of Death Certificate ("Amended Complaint"). (Doc. No. 13.) In the Amended Complaint, Plaintiff alleges that Defendant fraudulently documented "Possible Atherosclerotic Heart Disease" as the cause of death on her son's ("the decedent") death

1

certificate. (Am. Compl. at 1.) According to Plaintiff, the decedent was only hospitalized for kidney failure, and had never experienced heart disease issues. (*Id.*) Plaintiff avers that Defendant at no time found, documented, diagnosed, or treated the decedent for atherosclerotic heart disease. (*Id.*) Plaintiff accuses Defendant of illegally and fraudulently describing the heart failure as a "possibility," when the State of Arizona (where the Death Certificate is registered) requires doctors to list "causes." (*Id.* at 2.) Furthermore, Plaintiff complains, Defendant fraudulently listed "end stage of kidney disease" after the non-existent "Possible Atherosclerotic Heart Disease." (*Id.*) Plaintiff brings her lawsuit pursuant to this Court's diversity jurisdiction, as well as its subject matter jurisdiction for fraud, medical fraud, and medical malpractice. (*Id.*) As relief, Plaintiff seeks correction of the Death Certificate, as well as damages. (*Id.*)

Defendant filed an Amended Motion to Dismiss. (Doc. No. 14.) Plaintiff filed a one-paragraph Response. (Doc. No. 16.) In the Response, Plaintiff claims that the lawsuit should not be dismissed because she has complied with Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and 9(b). (Resp. to Mot. Dismiss at 1.) Furthermore, Plaintiff avers that she has met the requirements outlined in the United States District Court Guidelines for Litigants Without Lawyers ("Guidelines"). (*Id.*) Plaintiff attaches these Guidelines, and observes that she specifically conformed to the requirements outlined in the Guidelines for a *pro se* plaintiff's filing of a complaint. (Ex. A to Resp. to Mot. Dismiss, Southern District of Texas Guidelines for Litigants Without Lawyers ("Guidelines"), at 1.)

## II. LEGAL STANDARD

"Absent a rule or statute to the contrary, . . . a federal court [may] exercise jurisdiction over only those defendants who are subject to the jurisdiction of courts of the state in which the court sits." *Point Landing, Inc. v. Omni Capital Intern., Ltd.*, 795 F.2d 415, 419 (5th Cir. 1986), *aff'd sub nom. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97 (1987). Because the Texas long-arm statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-17.045, is coterminous with the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Court's constitutional due process inquiry into personal jurisdiction also serves as an inquiry into personal jurisdiction under the Texas long-arm statute. *Command-Aire Corp. v. Ontario Mech. Sales & Service Inc.*, 963 F.2d 90, 93-94 (5th Cir. 1992).

Plaintiffs bear the burden of demonstrating facts sufficient to support personal jurisdiction over any nonresident defendants. *United Galvanizing, Inc. v. Imperial Zinc Corp.*, No. H-08-0551, 2008 WL 4746334, at *3 (S.D. Tex Oct. 27, 2008). To comport with constitutional due process, plaintiffs must show that: (1) defendants purposefully availed themselves of the benefits and protections of Texas law, thereby establishing "minimum contacts" with Texas such that defendants could reasonably have anticipated being haled into court there; and (2) under the circumstances, the exercise of personal jurisdiction does "not offend traditional notions of fair play and substantial justice." *Command-Aire Corp.*, 963 F.2d. at 94 (citing *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); and *Asarco, Inc. v. Glenara, Ltd.*, 912 F.2d 784 (5th Cir.1990)). "'There are two types of minimum contacts: those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction.'" *Johnston v. Multidata Systems Intern.*

*Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)).

Specific jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (citation omitted). "The non-resident's purposefully directed activities in the forum must be such that he could reasonably anticipate being haled into court in the forum state." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citing *Burger King*, 471 U.S. at 474). *See also Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 369 (5th Cir. 2010) ("The 'purposeful availment' element ensures that a defendant will not be haled into court in a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or the unilateral activity of another person or third party."). Further, specific jurisdiction "requires a sufficient nexus between the non-resident's contacts with the forum and the cause of action." *Clemens*, 615 F.3d at 378-79. Indeed, the non-resident defendant must purposefully avail herself of the privilege of conducting activities in the forum state. *Id.* at 379.

General jurisdiction, in contrast, can be exercised when a defendant's contacts with the forum state are substantial, continuous, and systematic, though unrelated to the litigation. *Cent. Freight Lines, Inc.*, 322 F.3d at 381. The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston*, 523 F.3d at 609.

Although the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists, a *prima facie* showing suffices, and the plaintiff need not

4

establish jurisdiction by a preponderance of the evidence. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006) (citation omitted). Moreover, the "court must resolve all undisputed facts submitted by the plaintiff, as well as all facts contested in the affidavits, in favor of jurisdiction." *Id.* (citation omitted). "'The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

### III. ANALYSIS

Defendant attaches an affidavit explaining that Defendant is licensed to practice medicine in the State of Arizona, not Texas, and has never treated any patients in Texas. (Doc. No. 14-2, Ex. 1 to Mot. Dismiss, Tauqir Z. Ahmad Aff. ¶ 4.) Moreover, the affidavit explains, Defendant has never:

- Had an office mailing address, telephone number, facsimile number, or e-mail address in Texas;
- Maintained any agents, servants, or employees (actual or apparent) in Texas;
- Advertised or solicited any person or entity in Texas;
- Maintained a banking, savings, or investment account in Texas;
- Borrowed money from a financial institution in Texas;
- Owned, leased, rented, or controlled property in Texas;
- Paid or been obliged to pay taxes in Texas;
- Maintained, or been required to maintain, a registered agent for service in Texas;

- Recruited Texas residents, directly or through an intermediary located in Texas, for employment inside or outside of Texas;

- Engaged in tortious conduct, and/or committed a tort (in whole or in part), in Texas; or

- Conducted activities in Texas, much less done so continuously, systematically or substantially.

(*Id.*) Plaintiff provides no allegations or evidence to make a *prima facie* case that this Court has personal jurisdiction over Defendant. Importantly, the Guidelines for Litigants without Lawyers state that they do "not take the place of a pro se litigant's responsibility to comply with the Local Rules (L.R.), the Federal Rules of Civil Procedure (Fed.R.Civ.P.) and all other laws." (Guidelines, at 1.) Indeed, the Guidelines emphasize that they are "not legal advice" and that any plaintiff relies on them at their "own risk." (*Id.*)

      Of course, as Plaintiff is "proceeding *pro se* in this case, the Court must construe the Complaint liberally, and it should be mindful that 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Ekberg v. Wells Fargo Bank, N.A.*, No. A–11–CA–573 LY, 2011 WL 5999375, at *4 (W.D. Tex. Nov. 30, 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d. 1081 (2007) (per curiam)). Yet in her Amended Complaint, Plaintiff merely alleges that Defendant fraudulently filled out an Arizona Death Certificate. (Am. Compl. at 1-2.) Plaintiff nowhere claims that the Death Certificate was filled out in Texas, that the decedent died in Texas, or that Defendant otherwise had any contacts with Texas sufficient to give rise to personal or specific jurisdiction.

Furthermore, the Death Certificate itself—attached to Plaintiff's Amended Complaint—shows the place of death as Arizona. (Am Comp. at 4.) The Court finds that it does not have personal jurisdiction over Defendant.

### IV. CONCLUSION

For the reasons explained above, the Motion is **GRANTED**. Plaintiff's claims are dismissed without prejudice.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 11th day of May, 2012.

_____
KEITH P. ELLISON
**US DISTRICT COURT JUDGE**